MADDOX, Justice.
Plaintiff sued two out-of-state corporations, alleging breach of contract and fraud and claiming over $10,000. One defendant *418 (Philadelphia) was in default, and the other (Universal) was dismissed.
The record on appeal contains no default judgment against Philadelphia, but only an “entry of default.” The record reflects that the court, on October 10,1978, set a hearing for October 18, 1978, on the question of a default judgment as to the defendant Philadelphia.
After Universal was dismissed on August 8,1978, plaintiff filed a “motion to reconsider” that dismissal, which was denied on September 6, 1978.
On October 10, 1978, the trial court entered this order: “Motion to reconsider denied. Made final order by Court for purpose of appeal.” While this may have been intended to have the effect of a Rule 54(b) order, there was still pending a hearing on the default judgment against Philadelphia. The order entered does not expressly determine that there was no just reason for delay and does not expressly direct the entry of a judgment; therefore, it is not a final order under Rule 54(b).
We find that the order, therefore, does not contain a proper certification, and that the appeal must be dismissed because the order is not final. Even though appellee has not raised this issue, the order appealed from is not a final order; therefore, the appeal is due to be dismissed.
We dismiss the appeal. The trial judge may, if he is so inclined, vacate his original order from which the abortive appeal was taken, re-enter the order, and properly certify it. Then any further appeal may be timely filed from this new order. If an appeal is taken from the new order, that appeal may be heard upon the present record, with proper supplementation, and upon the present briefs, if the parties are so minded. Moore’s Federal Practice, Vol. 6, ¶ 54.41[4],
Appeal dismissed.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.